claim surprise, having been afforded an opportunity to have the infant plaintiff re-examined by their physicians as a condition to the granting of the motion. Trial Term did not err in refusing to disqualify plaintiff Lyle B. Smart's attorney at the insistence of the town. The evidence taken on this matter supported the court's finding that the attorney had not had access to confidential information from the town which would render his continued representation of plaintiff unfair to the town (cf. *Tru-Brite Labs v Ashman,* 54 AD2d 345, 347). In the circumstances we find no merit in plaintiff-respondent's claim of error in the assessment of interest. The policy of finality and definiteness of judgments provided for in CPLR 5002 would be contravened by any result other than that reached by Trial Term. We have examined the appellants' remaining contentions and have found them lacking in merit. (Appeal from judgment of Genesee Supreme Court—negligence.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ. [86 Misc 2d 940.]

■    TIMOTHY G. SMART, an Infant, by LYLE B. SMART, His Father and Natural Guardian, et al., Appellants, v JOSEPH M. WOZNIAK et al., Respondents. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Smart v Wozniak* (58 AD2d 993 [Appeal No. 1]). (Appeal from order of Genesee Supreme Court—interest on judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.

■    TIMOTHY G. SMART, an Infant, by LYLE B. SMART, His Father and Natural Guardian, et al., Respondents, v JOSEPH M. WOZNIAK et al., Defendants, and DONNA J. SMART, Appellant (Appeal No. 3.)—Order unanimously affirmed, without costs. Same memorandum as in *Smart v Wozniak* (58 AD2d 993 [Appeal No. 1]). (Appeal from order of Genesee Supreme Court—bill of particulars—*ad damnum* clause.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.

■    DONNA J. SMART, Respondent, v JOSEPH M. WOZNIAK et al., Appellants. (Appeal No. 4.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Smart v Wozniak* (58 AD2d 993 [Appeal No. 1]). (Appeal from judgment of Genesee Supreme Court—negligence.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.

■    GEORGE R. ARMITAGE, JR., et al., Respondents, v JAMES W. HEARY, Appellant.—Judgment unanimously reversed, without costs, and matter remitted to Niagara County Supreme Court for a hearing in accordance with the following memorandum: Following commencement of an action for judicial dissolution of a partnership, plaintiffs and defendant stipulated, *inter alia,* to the appointment of a referee to prepare an accounting of partnership assets. The referee subsequently submitted his accounting, covering the period from the date of dissolution, February 5, 1972 through October 31, 1972, and an order was entered directing payment of the "net cash available for distribution". Defendant did not appeal from this order which was satisfied by execution. Thereafter, plaintiffs prepared a supplemental report through October 31, 1974 setting forth the proportionate distributable shares of certain funds which were received after acceptance of the referee's accounting. Defendant, however, objected to these computations and submitted a supplemental accounting of his own. Although the court subsequently scheduled a hearing to resolve the differences between these reports, because of various reasons none of which was the fault of the parties, that hearing was not held. Thereafter, an order was entered accepting plaintiffs' figures. We find that in the interests of justice this matter should be remitted for a hearing to determine the propriety of the supplemental computations, except insofar as they adopt the figures origi-